**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANGELA HENDERSON, on behalf of her son, EDWIN HENDERSON, JR., a minor, and DARRYL HENDERSON, SR., on behalf of his son, DARRYL HENDERSON, JR., a minor, | ) ) ) ) ) ) | FILED: JULY 3, 2008 08CV3864 JUDGE DARRAH MAGISTRATE JUDGE VALDEZ |
| Plaintiff, | ) ) | 08 C _____ TG |
| v. | ) ) | |
|  | ) | JUDGE _____ |
| CALUMET CITY, ILLINOIS, and Calumet City Police Officers KEITH PAPROCKI, STEVEN LUNDY, and other UNKNOWN POLICE OFFICERS, | ) ) ) ) ) | MAGISTRATE JUDGE _____ |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, ANGELA HENDERSON and DARRYL HENDERSON, SR. ("Plaintiffs"), on behalf of their minor sons, EDWIN HENDERSON, JR., and DARRYL HENDERSON, JR. ("EDWIN" and "DARRYL, JR."), by their attorney, Tony Thedford, make the following complaint against Defendant CALUMET CITY, ("DEFENDANT CITY"), Calumet City Police Officers KEITH PAPROCKI and STEVEN LUNDY ("DEFENDANT OFFICERS"), and other Unknown Calumet City Police Officers ("UNKNOWN OFFICERS"):

### JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of EDWIN and DARRYL JR.'s rights as secured by the United States Constitution.

2.      In addition, the amount in controversy exceeds $75,000 and Plaintiff DARRYL HENDERSON, SR. and his family reside and are domiciled in the state of Texas, while the rest of

the parties reside and are domiciled in the state of Illinois.

3.      Thus, this Court has jurisdiction of the action pursuant to 28 U.S.C. '' 1331, 1332, 1343 and 1367.

4.      Venue is proper under 28 U.S.C. ' 1391(b) as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

5.      EDWIN is a fifteen-year-old African-American boy and a minor, and is represented in this action by his mother, Plaintiff, ANGELA HENDERSON.  Both EDWIN and ANGELA live in Harvey, Illinois.

6.      DARRYL JR., is a seventeen-year-old African American boy and a minor, and is represented in this action by his father, Plaintiff, DARRYL HENDERSON, SR.  DARRYL SR. and his family live in Wiley, Texas.

7.      DEFENDANT OFFICERS and UNKNOWN OFFICERS were at all relevant times, Calumet City police officers employed by DEFENDANT CITY, and acting within the scope of their employment and under color of law.

8.      DEFENDANT CITY is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS

9.      On or about July 19, 2007, near the location of 1200 Pulaski Road, in Calumet City, Illinois, DEFENDANT OFFICERS arrested and searched EDWIN and DARRYL JR., without a warrant and without probable cause.

10.     DEFENDANT OFFICERS handcuffed both EDWIN and DARRYL, JR. together and

against their will, led them into the Calument City Police Station.

11.     DEFENDANT OFFICERS twisted EDWIN's arm behind his back and led him into an elevator with DARRYL JR. and the other DEFENDANT OFFICER.

12.     Once inside the elevator, DEFENDANT OFFICERS beat EDWIN, causing visible bruising and swelling to the then fourteen-year old's face and body.

13.     This beating was recorded by security cameras in the elevator.

14.     DARRYL JR., was held for a period of time and then released without charges.

15.     EDWIN was handcuffed to a wall and DEFENDANT OFFICERS told him he was going to be released with a warning.

16.     EDWIN's mother arrived at the Calumet City Police Department and also was told by DEFENDANT OFFICERS that her son was not being arrested, just given a warning.

17.     However, when EDWIN brought out to his mother by DEFENDANT OFFICERS, he told her what happened in the elevator.  ANGELA HENDERSON then began questioning DEFENDANT OFFICERS about what they had done to EDWIN.

18.     DEFENDANT OFFICERS then ripped up the warning they had been about to hand ANGELA HENDERSON, and told her that her son was now going to be charged with a criminal offense.

19.     DEFENDANT OFFICERS then took EDWIN back into custody and falsely charged him with a misdemeanor.

20.     On information and belief, UNKNOWN OFFICERS were aware of DEFENDANT OFFICERS' misconduct with respect to EDWIN and DARRYL JR., but did nothing to prevent it and/or to prevent any further misconduct.

21.    On information and belief, UNKNOWN OFFICERS impliedly or expressly conspired and agreed to assist DEFENDANT OFFICERS in covering up their misconduct with respect to EDWIN and DARRYL JR.

22.    Once he was released, EDWIN was treated for his injuries at a local hospital.

23.    DEFENDANT OFFICERS were subsequently criminally indicted in Cook County Circuit Court under number 07 CR 21318 for battery and Official Misconduct for their actions with respect to EDWIN.

24.    The false misdemeanor charges DEFENDANT OFFICERS placed against EDWIN were subsequently dismissed by the Cook County State's Attorney's Office.

25.    EDWIN and DARRYL JR., have suffered physical and emotional damages as a result of DEFENDANT and UNKNOWN OFFICERS' misconduct.

## Count I:  Unlawful Search & Seizure

26.    Plaintiffs restate paragraphs 1-25 as if fully restated here.

27.    As more fully described in the preceding paragraphs, DEFENDANT OFFICERS seized and searched EDWIN and DARRYL without a warrant, without probable cause, and without any other legal justification, in violation of the Fourth Amendment to the United States' Constitution.

28.    On information and belief, UNKNOWN OFFICERS were aware of DEFENDANT OFFICERS' misconduct, had a reasonable opportunity to intervene, but failed to do so.

29.    As a direct and proximate result of DEFENDANT OFFICERS and UNKNOWN OFFICERS' misconduct, EDWIN AND DARRYL JR. have suffered harm including physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and

UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and DARRYL

JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as well as costs,

attorney's fees, and such other relief as is just and equitable.

## Count II -- ' 1983 Excessive Force

30.     Plaintiffs restate paragraphs 1-25 as if fully restated here.

31.     As more fully described in the preceding paragraphs, the intentional conduct of

DEFENDANT OFFICERS toward EDWIN and DARRYL JR. was objectively unreasonable and

constituted excessive force in violation of the Fourth Amendment to the United States

Constitution.

32.     On information and belief, UNKNOWN OFFICERS were aware of DEFENDANT

OFFICERS' misconduct, had a reasonable opportunity to intervene, but failed to do so.

33.     As a direct and proximate result of DEFENDANT OFFICERS' use of excessive force

and UNKNOWN OFFICERS' failure to intervene, EDWIN  and DARRYL have suffered

physical and emotional damages which will be proven at trial.

    WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and

UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and

DARRYL JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as

well as costs, attorney's fees, and such other relief as is just and equitable.

## Count III:  § 1983 Conspiracy Claim

34.     Plaintiffs restate paragraphs 1-33 as if fully restated here.

35.     DEFENDANT OFFICERS and UNKNOWN OFFICERS impliedly or expressly

conspired and agreed to violate EDWIN and DARRYL JR.'s constitutional rights as more fully

described above.

36.     As a direct and proximate result of DEFENDANT OFFICERS and UNKNOWN

OFFICERS conspiracy, EDWIN and DARRYL JR. suffered physical and emotional damages

which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and

UNKNOWN OFFICERS in a fair and just amount sufficient to compensate EDWIN and

DARRYL JR. for the injuries they have suffered, plus a substantial sum in punitive damages, as

well as costs, attorney's fees, and such other relief as is just and equitable.

### Count IV:  Policy Claim

37.     Plaintiffs restate paragraphs 1-36 as if fully restated here.

38.     The misconduct described in the preceding Count(s) was undertaken pursuant to the

policy and practice of DEFENDANT CITY and the Calumet City Police Department in that:

    a.  As a matter of both policy and practice, DEFENDANT CITY and the Calumet
City Police Department directly encourages the type of misconduct at issue here by
failing to adequately train, supervise and control its officers, and its failure to do so
constitutes deliberate indifference;

    b.  As a matter of both policy and practice, DEFENDANT CITY and the Calumet City
Police Department facilitate the type of misconduct at issue here by failing to adequately
punish and discipline prior instances of similar misconduct, thereby leading Calumet City
police officers to believe their actions will never be scrutinized and, in that way, directly
encourages future abuses such as those affecting Plaintiffs; specifically, Calumet Police
Officers accused of misconduct are aware that the police department will not fully
investigate these  accusations and will almost always refuse to recommend
discipline even where the officer has engaged in wrongdoing;

    c.  As a matter of widespread practice so prevalent as to comprise municipal policy, officers
of the Calumet City Police Officers abuse citizens in a manner similar to that alleged by
Plaintiffs in this Count on a frequent basis, yet the Calumet City Police Department
makes findings of wrongdoing in a disproportionately small number of cases;

    d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a

"code of silence" in the Calumet City Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e.  DEFENDANT CITY has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

39.    As a direct and proximate result of DEFENDANT CITY's policy and practice, DEFENDANT OFFICERS were able to violate Plaintiffs' constitutional rights as described in preceding counts, causing Plaintiffs to suffer physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT CITY in a fair and just amount sufficient to compensate Plaintiffs for the injuries they have suffered, as well as costs, attorney's fees, and such other relief as is just and equitable.

## Count V -- Malicious Prosecution

40.    Plaintiffs restate paragraphs 1-25 as if fully restated here.

41.    As more fully described above, DEFENDANT OFFICERS willfully and wantonly initiated criminal proceedings against EDWIN, and/or caused the criminal proceedings to continue against EDWIN, without probable cause to believe he had committed a crime.

42.    With malice, willfulness, and/or reckless indifference to EDWIN's rights, DEFENDANT OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys, fabricated evidence, and/or offered false testimony in EDWIN's criminal case.

43.    The criminal proceedings against EDWIN were terminated in Plaintiff's favor, in a manner indicative of innocence.

44.    On information and belief, UNKNOWN OFFICERS were aware of this malicious

7

prosecution, had a reasonable opportunity to intervene to prevent it, but failed to do so.

45.    As a direct and proximate result of DEFENDANT OFFICERS' malicious prosecution and UNKNOWN OFFICERS' failure to intervene, EDWIN suffered financial and emotional damages for having to defend himself against the false charges placed against him.

46.    Illinois law provides that public entities, such as DEFENDANT CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

47.    At all relevant times, DEFENDANT OFFICERS and UNKNOWN OFFICERS were agents of DEFENDANT CITY, and acting within the scope of their employment as a Calumet City Police Officers.  DEFENDANT CITY, therefore, is liable as principal for all torts committed by DEFENDANT and UNKNOWN OFFICERS.

WHEREFORE, Plaintiff ANGELA HENDERSON, prays for judgment against DEFENDANT and UNKNOWN OFFICERS and DEFENDANT CITY in a fair and just amount sufficient to compensate EDWIN for the injuries he has suffered, as well as such other relief as is just and equitable.

## Count VI – Battery

48.    Plaintiffs restate paragraphs 1-25 as if fully restated here.

49.    As more fully described above, DEFENDANT OFFICERS willfully and wantonly and without legal justification, used physical force upon both EDWIN and DARRYL JR., without their consent.

50.    As a direct and proximate result of this intentional misconduct, EDWIN and DARRYL JR. suffered physical and emotional harm.

51.    Illinois law provides that public entities, such as DEFENDANT CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

52.    At all relevant times, DEFENDANT OFFICERS were agents of DEFENDANT CITY, and acting within the scope of their employment as a Calumet City Police Officers. DEFENDANT CITY, therefore, is liable as principal for all torts committed by DEFENDANT OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and DEFENDANT CITY in a fair and just amount sufficient to compensate EDWIN and DARRYL JR. for the injuries they have suffered, as well as such other relief as is just and equitable.

### Count VII – False Imprisonment

53.    Plaintiffs restate paragraphs 1-25 as if fully restated here.

54.    As more fully described above, DEFENDANT OFFICERS willfully and wantonly imprisoned EDWIN and DARRYL JR., without probable cause or any other legal justification to do so.

55.    As a direct and proximate cause of this misconduct, EDWIN and DARRYL JR. suffered emotional harm which will be proven at trial.

56.    Illinois law provides that public entities, such as DEFENDANT CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

57.    At all relevant times, DEFENDANT OFFICERS were agents of DEFENDANT CITY, and acting within the scope of their employment as a Calumet City Police Officers.

DEFENDANT CITY, therefore, is liable as principal for all torts committed by DEFENDANT OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and DEFENDANT CITY in a fair and just amount sufficient to compensate EDWIN and DARRYL JR. for the injuries they have suffered, as well as such other relief as is just and equitable.

### Count VIII – Intentional Infliction of Emotional Distress

58.    Plaintiffs restate paragraphs 1-25 as if fully restated here.

59.    In the manner described more fully above, DEFENDANT OFFICERS' willful and wanton misconduct in this matter was extreme and outrageous.

60.    DEFENDANT OFFICERS knew or should have known that their misconduct in this matter was reasonably likely to cause EDWIN and DARRYL JR. to suffer severe emotional distress.

61.    As a direct and proximate result of DEFENDANT OFFICERS' misconduct, EDWIN and DARRYL JR. have suffered severe emotional distress.

62.    Illinois law provides that public entities, such as DEFENDANT CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

63.    At all relevant times, DEFENDANT OFFICERS were agents of DEFENDANT CITY, and acting within the scope of their employment as a Calumet City Police Officers. DEFENDANT CITY, therefore, is liable as principal for all torts committed by DEFENDANT OFFICERS.

WHEREFORE, Plaintiffs pray for judgment against DEFENDANT OFFICERS and DEFENDANT CITY in a fair and just amount sufficient to compensate EDWIN and DARRYL

JR. for the injuries they have suffered, as well as such other relief as is just and equitable

**Plaintiffs demand a trial by jury.**

ANGELA HENDERSON, Plaintiff
on behalf of her minor son, EDWIN HENDERSON, JR.,

By:    /s/ Tony Thedford
          Attorney for Plaintiffs

DARRYL HENDERSON, SR., Plaintiff
On behalf of his minor son, DARRYL HENDERSON, JR.

By:    /s/ Tony Thedford
          Attorney for Plaintiffs

TONY THEDFORD
Law Offices of Tony Thedford
6133 South Ellis
Chicago, IL 60637
(773) 752-6950
ATTY NO. 6239316